IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BRANDPOINT SERVICES, INC.**,

   Plaintiff,

   v.

**SMART PROPERTY INSPECTORS**, *et al.,*

   Defendants.

Civil No. 11-2081 (BJM)

## OPINION AND ORDER

In this diversity action, Brandpoint Services, Inc. ("Brandpoint") sued Smart Property Inspectors Corp. ("Smart"), Liquid Capital Exchange, Inc. ("Liquid"), and unnamed individuals and insurance companies, alleging negligence and breach of contract. (Docket No. 1). In addition to joint and several liability for damages against all defendants, Brandpoint seeks declaratory relief against Smart and Liquid. (Id.). Before the court is Liquid's motion to dismiss for lack of subject matter jurisdiction. (Docket No. 4). Brandpoint opposed. (Docket No. 7). For the reasons that follow, Liquid's motion to dismiss is denied.

## FACTUAL BACKGROUND

The following facts are taken from the complaint and the documentary evidence in the record, namely demand letters from both Liquid and Smart. (Docket No. 7-1; 7-2). Brandpoint is a Nevada corporation with its principal place of business in Pennsylvania and Canada. (Docket No. 1, hereinafter "Compl.," ¶ 2). Defendants are businesses incorporated and/or operating with their principal place of business in Puerto Rico, Texas, and/or Delaware. (Id.).

In August 2011, Merchco Services, Inc. ("Merchco") hired Brandpoint as a subcontractor to provide "all labor, materials, equipment, supervision, taxes, permits, and associated incidentals to complete painting and wall covering installation at designated Walgreens locations in Puerto Rico." (Id., ¶ 11). Brandpoint contracted for Smart to provide the painting and wallpaper installation at each work site. (Id., ¶ 13). Work at each Walgreens location was to be completed

according to work orders containing agreed-upon "Terms and Conditions," which included language allowing Brandpoint to withhold payment "on account of any correction or re-execution of those portions of any work which is defective or has not yet been performed pursuant to the Work Order." (Id., ¶ 16). Brandpoint was later informed that Smart had acquired the services of Liquid "as a partner in processing accounts receivable and as a source of working capital," selling and assigning existing and future accounts receivable. (Id., ¶¶ 18, 19).

Smart's work performance was "unacceptable and deficient," resulting in Merchco terminating its agreement with Brandpoint for the remaining Walgreens locations in October 2011. (Id., ¶¶ 23, 26, 30). While Brandpoint was able to convince Mercho to allow them, at their own expense, "to correct and re-execute" the work, Merchco prohibited Smart from re-entering the work sites. (Id., ¶¶ 28, 29, 31). Smart has "taken certain actions making it more difficult and expensive for Brandpoint to correct and/or re-execute Smart's defective and improperly performed work." (Id., ¶ 32). Such actions include refusing to return "over $21,000" worth of wall coverings needed to complete the work and allowing Liquid to take possession of them. (Id., ¶¶ 33, 35, 37, 65).

Acting in its capacity as the owner of Smart's accounts receivable, Liquid sent Brandpoint a letter on October 25, 2011 requiring payment of "at least $85,344.96." (Id., ¶ 38; Docket No. 7-2, p. 2). Brandpoint has submitted Liquid's letter, as well as another from Smart dated October 26, 2011; both seek collection of $85,344.96. (Docket No.7-1; Docket No. 7-2).

## SUBJECT MATTER JURISDICTION STANDARD

Motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1). "[F]ederal jurisdiction is never presumed." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). Rather, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." P.R. Tel. Co. v. Telecomm's Reg. Bd. of P.R., 189 F.3d 1, 7 (1st Cir. 1999). There are two general rubrics for evaluating subject matter jurisdiction. First, a defendant may challenge the legal sufficiency of the facts offered by the plaintiff, while

assuming their accuracy; the court then credits the plaintiff's factual allegations and draws reasonable inferences in its favor. Valentín v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). Alternatively, the movant may challenge the truth of the plaintiff's facts and offer contrary evidence; the court then weighs the evidence. Id.

## DISCUSSION

Liquid argues that because Brandpoint failed to meet the amount-in-controversy requirement, this court lacks jurisdiction. Original jurisdiction of district courts is dependent upon complete diversity of the parties and whether the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a) (2006); Ortega v. Star-Kist Foods, Inc., 370 F. 3d 124, 139 (1st Cir. 2004), rev'd on other grounds sub nom. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546 (U.S. 2005). "[A] plaintiff's general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court." Spielman v. Genzyme Corp., 251 F. 3d 1, 5 (1st Cir. 2001). However, if challenged, plaintiff must show "'that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" Id. (quoting Dep't of Recreation and Sports v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991). The plaintiff may meet this burden by submitting additional evidence, such as depositions and exhibits. Id. at 487; Gonzales v. United States, 284 F. 3d 281, 288 (1st Cir. 2002). In actions for declaratory relief, the amount in controversy "'is measured by the value of the object of the litigation.'" Dep't of Recreation and Sports, 942 F. 2d at 88 (quoting Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-348 (U.S. 1977)).

Liquid argues that Brandpoint "cannot establish with legal certainty that their claim . . . will exceed the jurisdictionally required amount of $75,000." (Docket No. 4, ¶ 15). Liquid claims that Brandpoint has not pleaded specific damages against Liquid, and that any amount that may be attributable to them "does not amount (to) more than $21,000," the cost of the wall coverings in their possession. (Docket No. 4, ¶ 15). However, in the complaint, Brandpoint seeks a declaration that it does not owe Liquid $85,344.96. (Compl., ¶ 71; Docket No. 7). That

amount echoes the letter allegedly sent by Liquid, which Liquid has neither objected nor replied to.  (See Docket No. 7-1).  In sum, the complaint states a facially good-faith claim for declaratory relief in an amount exceeding $75,000, and any doubts about this amount have been rebutted by the demand letters.[1]

## CONCLUSION

For the foregoing reasons, Liquid's motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of September, 2012.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge

---

[1] Because the amount-in-controversy requirement is satisfied by Brandpoint's request for declaratory relief, it is unnecessary to resolve Liquid's argument that it is not jointly and severally liable for the other damages alleged in the complaint.